Clerk's Office
Filed Date: 3/24/2021

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
SAMUEL MCINTOSH,

          Petitioner,

   -against-

UNITED STATES OF AMERICA,

          Respondent.
-------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
No. 13-CR-487-5 (CBA)
No. 18-CV-2636 (CBA)

**AMON, United States District Judge:**

      Samuel McIntosh was convicted of drug-related murder in violation of 21 U.S.C. § 848(e)(1)(A) (Count One) and conspiracy to commit the same in violation of 21 U.S.C. §§ 848(e)(1)(A) and 846 (Count Two) following a jury trial in 2014.[1] He was sentenced to concurrent terms of forty years on each count. (ECF Docket Entry ("D.E.") # 542.) McIntosh's conviction was affirmed on appeal. See United States v. Dupree, 870 F.3d 62 (2d Cir. 2017). On April 30, 2018, McIntosh filed a motion pursuant to 28 U.S.C. § 2255 to vacate his conviction on the grounds that his indictment was constructively amended and that his trial and appellate counsel were ineffective for failing to argue the same. (D.E. # 636.) For the reasons stated below, McIntosh's motion is DENIED.

## BACKGROUND

      Because McIntosh's challenge to his conviction centers on the relationship between his indictment and the instructions given to the jury, I focus on the indictment, jury instructions, and the elements of the charges of conviction, rather than the facts underlying his conviction.

---

[1] McIntosh was acquitted of a third count, which charged that he "conspire[d] to distribute and possess with intent to distribute a controlled substance, which offense involved 280 grams or more of a substance containing cocaine base," in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). (E.C.F. Docket Entry ## 380, 472.)

1

Count One of the indictment charged that McIntosh, "while engaged in one or more offenses punishable under Section 841(b)(1)(A) of Title 21 of the United States Code, <u>to wit: conspiracy to distribute cocaine base</u>, did knowingly and intentionally kill and counsel, command, induce, procure, and cause the intentional killing of Michael Dawson . . . and such killing did result." (D.E. # 380 at 1–2 (emphasis added).) Count Two, which charged the conspiracy to commit the offense charged in Count One, contained the same "to wit: conspiracy to distribute cocaine base" language. (<u>Id.</u> at 2.)

When charging the jury on these charges, I first read the language of the superseding indictment verbatim, including the "to wit: conspiracy to distribute cocaine base" language. (D.E. # 473 ("Tr.") at 2901.) When explaining the elements of this Count, I twice included additional language not included in the superseding indictment when explaining the underlying conspiracy. Specifically, I charged that the "government must prove beyond a reasonable doubt . . . that the defendant is guilty of either conspiring to distribute <u>or conspiring to possess with intent to distribute</u> 280 grams or more of cocaine base . . . ." (<u>Id.</u> at 2908 (emphasis added).) After instructing on the second and third elements, I then stated:

> I will explain each of these elements to you in more detail. The first element that the government must prove beyond a reasonable doubt is that the defendant was involved in an offense punish[able] by 841(b)(1)(a) of Title 21 of the United States Code. It is an offense punishable under the statute to engage [in a] conspiracy to either distribute <u>or possess with intention to distribute</u> 280 grams or more of a substance containing cocaine base.

(<u>Id.</u> at 2902 (emphasis added).)

When charging Count Two, I also read the superseding indictment verbatim. (<u>Id.</u> at 2909.) I then stated that I had "already instructed you about the elements of drug-related murder with respect to Count One. That crime is the object of the charged conspiracy. The same instructions apply here, and I will not repeat them." (<u>Id.</u>) I explained the related element of the § 846

2

conspiracy as follows: "the government must establish beyond a reasonable doubt . . . that those persons agreed to commit the unlawful act described in Count One, to wit: the knowing and intentional killing of Michael Dawson while engaged in a conspiracy to distribute cocaine 280 grams of a substance containing cocaine base." (Id. at 2909–10.) This time I did not repeat the language I had earlier inadvertently added in explaining Count 1.

## STANDARD OF REVIEW

The federal habeas corpus statute, 28 U.S.C. § 2255(a), provides that "[a] prisoner in custody under sentence . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence" if "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." I review McIntosh's § 2255 motion with "a lenient eye" due to his pro se status. See Williams v. Kullman, 722 F.2d 1048, 1050 (2d Cir. 1983).

## DISCUSSION

In this § 2255 motion, McIntosh contends that the reference to "possession with intent to distribute" unconstitutionally broadened his indictment.

### I.  Constructive Amendment

McIntosh argues that his indictment was constructively amended by the jury charge when I charged the jury that the "offense[] punishable under Section 841(b)(1)(A)" element could be satisfied by proof "that the defendant is guilty of either conspiring to distribute or conspiring to possess with intent to distribute 280 grams or more of cocaine base . . ." (Tr. at 2902 (emphasis added).)

"The Fifth Amendment provides that '[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." United States

3

v. Banki, 685 F.3d 99, 118 (2d Cir. 2012) (quoting U.S. Const. amend. V) (alteration in original). "Once a grand jury indicts a defendant, the 'charges may not be broadened through amendment except by the grand jury itself.'" Id. (quoting Stirone v. United States, 361 U.S. 212, 216 (1960)). "An indictment is constructively amended if . . . 'the trial court's jury instructions so altered an essential element of the charge that, upon review, it is uncertain whether the defendant was convicted of conduct that was the subject of the grand jury's indictment.'" Id. (quoting United States v. Milstein, 401 F.3d 53, 65 (2d Cir. 2005)). "[A] constructive amendment is a per se violation of the Grand Jury Clause." Id. The Second Circuit has "'consistently permitted significant flexibility in proof . . . provided that the defendant is given notice of the core of criminality to be proven at trial.'" Id. (quoting United States v. Rigas, 490 F.3d 208, 228 (2d Cir. 2007)) (emphasis omitted).

United States v. Montiell, 526 F.2d 1008 (2d Cir. 1975), is dispositive of McIntosh's claim. In Montiell, the indictment charged Montiell with conspiracy to distribute, but after the court read the indictment to the jury correctly, it inadvertently misstated the conspiracy count as charging conspiracy to possess with intent to distribute. Id. at 1010. Montiell argued that "the court's inadvertent misstatement was an implicit amendment which resulted in [him] being convicted for a crime not charged in the indictment." Id. at 1011. The Second Circuit rejected this argument, noting that "[e]very element required for 'conspiracy to distribute' is also an element of 'conspiracy to possess with intent to distribute'" and that "[a]t most, the erroneous charge here imposed on the government the burden of proving an additional element of the offense." Id. (internal quotation marks omitted). The Circuit thus concluded that "the error, if any, could only have been favorable to [Montiell]." Id.

4

McIntosh argues that Montiell is no longer good law because the Second Circuit has more recently observed that, for Double Jeopardy purposes, "possession with intent and distribution should not be regarded as the 'same offense,' nor is possession with intent always to be deemed a lesser included offense of distribution." United States v. Gore, 154 F.3d 34, 46 (2d Cir. 1998); (D.E. # 658 at 2–3). But McIntosh's argument misses the key distinction between the substantive offenses at issue in Gore, and conspiracy to commit the same, which is at issue here.[2] The Eleventh Circuit has offered a cogent explanation of this distinction:

> Although the defendant has cited cases drawing the clear and well-settled distinction between the substantive crimes of possession and distribution, that distinction fades when a conspiracy is charged. No cases have been cited which draw the distinction that the defendant is attempting to make in crimes of conspiracy. One might be guilty of the substantive crime of distribution without being guilty of possessing cocaine, for instance in brokering sales between the persons who actually possess the cocaine and the buyers. One might be guilty of possessing cocaine with intent to distribute without any actual distribution. Possession is a necessary element of the first crime, distribution a necessary element of the second. In a conspiracy, however, neither actual possession nor actual distribution is a necessary element of the crime. Only an agreement is necessary. A fundamental precept of the law of conspiracy converts any distinction between conspiracies to commit these two crimes into a non-issue: each conspirator is criminally responsible for all parts of the conspiracy. It is difficult to hypothesize a conspiracy to distribute cocaine where the conspiracy does not include an agreement that at least one of the conspirators will in fact possess the cocaine that is to be distributed. There cannot be distribution without cocaine. There cannot be cocaine without possession. If there is an agreement that any member of the conspiracy will possess the cocaine that is intended to be distributed, then the defendant as a member of that conspiracy is guilty of a conspiracy to possess with the intent to distribute. At the same time, he is a member of a conspiracy to distribute cocaine.

United States v. Diaz, 190 F.3d 1247, 1253 (11th Cir. 1999) (emphasis omitted).

---

[2] Notably, Gore recognized that even the substantive offenses of "distribution" and "possession with intent" could merge—and thus not be considered separate offenses for Double Jeopardy purposes—in certain circumstances. 154 F.3d at 46-47 (quoting United States v. Rodriguez–Cardona, 924 F.2d 1148, 1159 (1st Cir.1991)) ("[P]ossession with intent to distribute merges with distribution 'where the distribution itself is the sole evidence of possession, or where possession is shown to exist only at the moment of distribution.'").

5

McIntosh's other cited case, United States v. Milstein, is of no more help to him. 401 F.3d 53 (2d Cir. 2005). In Milstein, the Second Circuit concluded that there had been a constructive amendment when the indictment charged the defendant with "misbranding due to his repackaging of the drugs," but the defendant was convicted based on allegations that "the drugs were misbranded because they were not sterile." 401 F.3d at 65. The indictment "would not necessarily place Milstein on notice that the Government would also attempt to prove that the drugs were not sterile." Id. Because "[e]very element required for 'conspiracy to distribute' is also an element of 'conspiracy to possess with intent to distribute,'" Montiell, 526 F.2d at 1011, McIntosh's indictment did not fail to put him on notice of what the government would prove at trial.

In short, conspiracy to distribute cocaine base and conspiracy to possess with intent to distribute cocaine base are so similar that the inclusion of the latter in McIntosh's jury instructions did not constitute a constructive amendment of his indictment.

## II.     Ineffective Assistance of Counsel

McIntosh's remaining claim is that his counsel's performance was deficient because they did not object to the alleged constructive amendment error at trial or raise the same argument on appeal. However, as noted above, McIntosh's constructive amendment argument is without merit. "[T]he failure to make a meritless argument does not rise to the level of ineffective assistance." United States v. Kirsh, 54 F.3d 1062, 1071 (2d Cir. 1995). McIntosh's ineffective assistance of counsel arguments thus fall with his constructive amendment argument.

## CONCLUSION

For the foregoing reasons, McIntosh's § 2255 motion is DENIED. Because he has not made a substantial showing of the denial of any constitutional right, I decline to issue a certificate of appealability. See 28 U.S.C. § 2253; Matthews v. United States, 682 F.3d 180, 185 (2d Cir. 2012). The Clerk of Court is respectfully directed to close the case in No. 18-CV-2636.

SO ORDERED.

Dated: March 24, 2021
      Brooklyn, New York

                                          /s/ Carol Bagley Amon
                                          Carol Bagley Amon
                                          United States District Judge